**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| | ) |
| **STEPHEN BINDON**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )    **Case No. 1:13-cv-1207-EGS** |
| **v.** | ) |
| | ) |
| **SYLVIA BURWELL**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

_____ )

**NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING SCOPE OF INJUNCTION AND JUDGMENT**

Defendants submit this notice of supplemental authority to inform the Court of an event and new authority that are relevant to the proper scope of the permanent injunction to be entered in this case.

The parties previously submitted briefs on this issue.  *See* ECF Nos. 22-25.  Defendants argued, among other things, that the permanent injunction should be limited to the law addressed by the Supreme Court in *Burwell v. Hobby Lobby*, 134 S. Ct. 2751 (2014), and challenged by plaintiffs in this case, and should not be so broad as to enjoin application of any future regulations designed to accommodate for-profit companies with religious objections to providing coverage for contraceptive services.   At the time of the parties' briefing, the defendant Departments had issued a Notice of Proposed Rulemaking, proposing such an accommodation.  *See* Coverage of Certain Preventive Services Under the Affordable Care Act, 79 Fed. Reg. 51,118 (Aug. 27, 2014).

The defendant Departments have now finalized those regulations.  *See* Final Rules, Coverage of Certain Preventive Services Under the Affordable Care Act, 80 Fed. Reg. 41,318

(July 14, 2015).  The new regulations provide accommodations to certain closely held for-profit entities that have a religious objection to providing coverage for some or all contraceptive services otherwise required to be covered.  *See id*.  The regulations effectively exempt qualifying closely held for-profit entities from providing coverage for contraceptive services to their employees while ensuring that those employees will receive payments for such services from a third-party health insurance issuer or third party administrator.  *See id*. at 41,324.

In light of the promulgation of these new regulations, defendants reiterate that the permanent injunction to be entered in this case should not prohibit defendants from enforcing the new regulations.  *See* Defs.' Notice of Consent to Inj. & J., ECF No. 22 (Oct. 8, 2014) (making similar arguments when the accommodations for closely held for-profit entities were proposed rules); Defs.' Supplemental Mem. Regarding Scope of Inj. & J., ECF No. 24 (Oct. 29, 2014) (same).  First, defendants do not consent to a permanent injunction that encompasses the new regulations.  Second, plaintiffs' Complaint does not challenge the new regulations, *see* Verified Compl. ¶¶ 60, 100 & n.1, and plaintiffs cannot obtain an injunction that extends to regulations that did not exist when plaintiffs filed their Complaint and that were not challenged in the Complaint.  *See, e.g.*, *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 128 (4th Cir. 2011) (observing that an injunction may "address only the circumstances of the case"); *Gaddy v. Abex Corp.*, 884 F.2d 312, 318 (7th Cir. 1989) (concluding injunction that prohibited conduct not challenged in the complaint was too broad); *Gulf Oil Corp. v. Brock*, 778 F.2d 834, 842 (D.C. Cir. 1988) ("[A]n injunction must be narrowly tailored to remedy the harm shown."); *Bowles v. Montgomery Ward & Co.*, 143 F.2d 38, 42 (7th Cir. 1944) ("An injunction [should not] be broader than the illegal acts or practices charged or proven.").

Third, as defendants previously explained, the Supreme Court's conclusion in *Hobby Lobby* that the contraceptive coverage requirement "is unlawful" under the Religious Freedom Restoration Act ("RFRA") as applied to certain closely held for-profit entities rested on its recognition that the accommodations available to religious nonprofits "constitute[] an alternative that achieves all of the Government's aims while providing greater respect for religious liberty." 134 S. Ct. at 2759-60.   In other words, the Supreme Court decision that is the basis for defendants' consent to an injunction in this case hinged on the absence of an accommodation for for-profit entities—an accommodation that now exists in light of the new regulations.   Finally, the new regulations are entitled to a "presumption of validity," *Chamber of Commerce v. EPA*, 642 F.3d 192, 208 (D.C. Cir. 2011)—a presumption that is bolstered by the fact that the D.C. Circuit has rejected RFRA challenges to the accommodations as applied to nonprofit religious organizations.   *See Priests For Life v. U.S. Dep't of Health & Human Servs.*, 772 F.3d 229 (D.C. Cir. 2014), *reh'g en banc denied*, Nos. 13-5368, 13-5371, 14-5021 (May 20, 2015), *pets. for cert. filed*, Nos. 14-1453, 14-1505.[1]

To be clear, defendants are not asking the Court to opine on the validity of the recently promulgated regulations that provide accommodations to certain closely held for-profit entities. Doing so would exceed the Court's jurisdiction, as plaintiffs have not challenged those new regulations in this case.   Plaintiffs, moreover, are free to file a new case challenging the new regulations should they choose to do so.   Defendants instead seek to ensure that the scope of the

---

[1] Other courts of appeals have done the same.  *See Univ. of Notre Dame v. Burwell*, 786 F.3d 606 (7th Cir. 2015), *pet. for reh'g en banc filed*, No. 13-3853 (July 2, 2015); *Wheaton Coll. v. Burwell*, 2015 WL 3988356 (7th Cir. July 1, 2015); *Geneva Coll. v. Secretary, U.S. Dep't. of Health & Human Servs.*, 778 F.3d 422 (3d Cir. 2015*), reh'g en banc denied*, Nos. 14-1376, 14-1377 (Apr. 6, 2015), Nos. 13-3536, 14-1374 (Apr. 13, 2015), *pet. for cert. filed*, No. 14-1418; *East Texas Baptist Univ. v. Burwell*, 2015 WL 3852811 (5th Cir. June 22, 2015), *pet. for cert. filed*; *Little Sisters of the Poor Home for the Aged v. Burwell*, 2015 WL 4232096 (10th Cir. July 14, 2015); *see also Michigan Catholic Conference v. Burwell*, 755 F.3d 372 (6th Cir. 2014), *reh'g en banc denied*, Nos. 13-2723, 13-6640 (Sept. 16, 2014), *vacated*, 135 S. Ct. 1914 (2015).

permanent injunction entered in this case is well-defined and limited to the law that was before

the Supreme Court in *Hobby Lobby* and that is before this Court in this case, so that defendants

are not required to come back to the Court to seek relief from the injunction before enforcing the

new regulations. *See Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ("Rule [65(d)] was designed

to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to

avoid the possible founding of a contempt citation on a decree too vague to be understood.").

Defendants believe the Proposed Injunction and Judgment they submitted to the Court,

*see* ECF No. 22-1 (Oct. 8, 2014), addresses their concerns because it does not prevent defendants

from enforcing the contraceptive coverage requirement against plaintiffs "if religious

accommodations . . . are made available to for-profit entities" and plaintiffs do not either avail

themselves of those accommodations or provide contraceptive coverage, *id.*  Accordingly,

defendants continue to ask the Court to enter their Proposed Injunction and Judgment.

In their Supplemental Memorandum Regarding the Scope of Injunction and Judgment,

ECF No. 24 (Oct. 29, 2014), defendants indicated that they would also be satisfied with an

injunction that included the following language:

> ORDERED that this Injunction and Judgment does not apply with respect to any
> changes in statute or regulation that are enacted or promulgated after this date,
> and nothing herein prevents plaintiff from filing a new civil action to challenge
> any such future changes.

*Id.* at 6.  Now that changes to the regulations have been promulgated in the form of

accommodations for certain closely held for-profit entities, defendants believe the "after this

date" language in the paragraph above could render the injunction ambiguous.  The "date" to

which it refers would be the date this Court enters the injunction, *i.e.*, a date that will now be

after the promulgation of the new regulations providing accommodations to certain closely held

for-profit entities.  To make clear that the injunction does not prohibit enforcement of the new

regulations (and thus does not exceed defendants' consent), defendants respectfully request that, if the Court opts to use this alternative language instead of the language proffered in defendants' Proposed Injunction and Judgment (ECF No. 22-1), the Court revise the paragraph to state as follows:

> ORDERED that this Injunction and Judgment does not apply with respect to any changes in statute or regulation that are, or were, enacted or promulgated after the Supreme Court issued its decision in *Hobby Lobby*, including the Final Rules, Coverage of Certain Preventive Services Under the Affordable Care Act, 80 Fed. Reg. 41,318  (July 14, 2015), which provide accommodations to certain closely held for-profit entities that object to providing contraceptive coverage based on their owners' religious beliefs, and nothing herein prevents plaintiffs from filing a new civil action to challenge the accommodations or any other post-*Hobby Lobby* changes in statute or regulation.

Defendants also wish to inform the Court of new authority in this District that further supports defendants' position on the proper scope of the permanent injunction.  On July 15, 2015, in another case brought by a for-profit company to challenge the contraceptive coverage requirement, Judge Walton entered the injunction and judgment proposed by defendants, which is identical to the Proposed Injunction and Judgment defendants have submitted in this case.  *See* Order, *Tyndale House Publishers, Inc. v. Burwell*, No. 1:12-cv-01635, ECF No. 53, at 7-9 (D.D.C. July 15, 2015).  Judge Walton rejected the plaintiffs' proposal to merely add the word "permanent" to the preliminary injunction the court had previously entered, *see id.* at 2—the same course that plaintiffs propose here.  Judge Walton noted, among other things, that it would be "improper" to enter "an order enjoining activity beyond what the Supreme Court addressed and struck down [in *Hobby Lobby*]" and that "the plaintiffs' proposed injunction would conceivably enjoin regulations that could pass muster under the RFRA."  *Id.* at 4.  A copy of the Order in *Tyndale* is attached.

Respectfully submitted this 17th day of July, 2015,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

JENNIFER RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director

  /s/ Michelle R. Bennett
MICHELLE R. BENNETT (CO Bar No. 37050)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7310
Washington, D.C.  20530
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov

Attorneys for Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2015, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which sent notice of such filing to all parties.


 /s/ Michelle R. Bennett
MICHELLE R. BENNETT
Trial Attorney